# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Darlene Wofford,

    Plaintiff,

v.

Equifax Information Services, LLC

    Defendant.

Case No.:

**COMPLAINT**
**WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

1. This action for damages is based on Defendants' false reporting on Plaintiff's credit reports and failures to follow reasonable procedures and failures to conduct reasonable investigations with respect to such information.

## PARTIES

2. Plaintiff, Darlene Wofford, is a natural person who resides in Cobb County, Georgia.

3. Plaintiff is an individual and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

4. Defendant, Equifax Information Services, LLC (hereinafter "Equifax") does business in Georgia.

5. Defendant Equifax information Services, LLC (hereinafter Equifax) is a credit bureau doing business in Georgia.

6. Equifax regularly collects and assembles consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports, and accordingly, is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

## JURISDICTION AND VENUE

7. Because this case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., jurisdiction of this Court arises under 28 U.S.C. § 1331, and supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367.

8. Venue is proper in this Court because a substantial part of the claim arose in Georgia, and the Defendant "resides" in Georgia, as that term is used in 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

9. On October 21, 2009 the plaintiff filed a bankruptcy petition in the Northern District of Georgia, case number 09-87896. The plaintiff received a discharge of her debts by Order of that Court dated January 14, 2015.

10. Among the debts discharged was a debt owing to Citimortgage, Inc.. (Citimortgage).

11. On or about February 18, 2015 plaintiff obtained a copy of her credit report as published by defendant.

12. That report contained erroneous information related to her previous account with Citimortgage. Specifically, the defendant reported that the plaintiff had an arrearage owing on her mortgage account..

13. Because plaintiff's arrearage was paid and cured through her bankruptcy case, the information described above was both false and misleading.

14. In a letter dated May 4, 2015, plaintiff disputed the inaccurate and misleading information to defendant and provided the specific facts that rendered the reporting inaccurate and misleading.  A copy of this document is attached as Exhibit 1.

15. Upon receipt of the dispute submitted by the plaintiff, the defendant had an affirmative duty to conduct a reasonable investigation of the dispute, to make any necessary corrections to the plaintiff's credit file and to inform the plaintiff of the results of that investigation and any changes made within 30 days of the dispute in accordance with 11 U.S.C. § 1681i.

16. In a document dated May 12, 2015 defendant published to the plaintiff its "reinvestigation report"  setting forth the results of its investigation and any changes it intended to make to the plaintiff's credit file. The reinvestigation report published by defendant is silent as to the dispute submitted by the

plaintiff. There is no mention of the disputed tradeline at all. A copy of this report is attached as Exhibit 2.

17. Defendant was required to communicate the specifics of plaintiff's dispute to Citimortgage. The defendant breached this duty.

18. Defendant had an affirmative duty to follow reasonable procedures to assure maximum possible accuracy of the information it included in plaintiff's consumer report. Defendant breached this duty.

19. Defendant did not comply with the requirements placed upon it by 11 U.S.C. §§ 1681e(b) and 1681i.

20. Defendant's failure to perform its obligations in this matter was willful.

21. Also as a result of defendant's actions and omissions, plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses in challenging the defendants' wrongful representations, detriment to her credit rating and emotional distress.

## TRIAL BY JURY

22. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681e(b) and 1681i

23. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

24. Defendant Equifax willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of plaintiff's consumer reports.

25. Defendant willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of plaintiff's dispute and by failing thereafter to appropriately delete or modify information in plaintiff's file.

26. As a result of defendant's violations of §§ 1681e(b) and 1681i, plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses in challenging the defendant's wrongful representations, detriment to her credit rating and emotional distress.  Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

27. Defendant's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

28. Plaintiff is entitled to recover costs and attorney's fees from defendant pursuant to 15 U.S.C. §§ 1681n and 1681o.

WHEREFORE, plaintiff prays that judgment be entered against defendant for:

    a.) Plaintiff's actual damages;

    b.) Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

    c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

    d.) Statutory damages against defendant pursuant to 15 U.S.C. § 1692k;

    e.) Reasonable attorney's fees and costs against defendant pursuant to 15 U.S.C. § 1692k; and

    f.) Such other and further relief as may be just and proper.

Respectfully submitted this 26 day of August, 2015.

                                      */s/ Matthew T. Berry*
                                      Plaintiff's Attorney
                                      Matthew T. Berry, Bar No.: 055663
                                      Berry & Associates
                                      2751 Buford Highway, Suite 600
                                      Atlanta, GA 30324
                                      Ph. (404) 235-3334
                                      Fax (404) 235-3333
                                      matt@mattberry.com